1
2
3
4
5

**BLUMENTHAL, NORDREHAUG & BHOWMIK LLP**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

6

Attorneys for Plaintiff

7

8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11
12

STACY MCCOMACK, an individual, on behalf of herself, and on behalf of all persons similarly situated,

Case No. **'17 CV 1663 BEN WVG**

13

**CLASS ACTION COMPLAINT FOR:**

14

Plaintiff,

1. VIOLATION OF THE FAIR CREDIT REPORTING ACT FOR FAILURE TO MAKE PROPER DISCLOSURES [15 U.S.C. § 1681, *et seq.*];

15

vs.

16
17

MARRIOTT OWNERSHIP RESORTS, INC., a Corporation,

2. VIOLATION OF THE FAIR CREDIT REPORTING ACT FOR FAILURE TO OBTAIN PROPER AUTHORIZATION [15 U.S.C. § 1681, *et seq.*];

18

Defendant.

3. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;

19
20

4. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510 & 1198, *et seq.*;

21
22

5. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226.;

23
24

6. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LABOR CODE §§ 201, 202 AND 203; and,

25
26

7. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802

27

28

**DEMAND FOR A JURY TRIAL**

Plaintiff Stacy McComack ("PLAINTIFF"), on behalf of herself and all others similarly situated, alleges on information and belief, except for her own acts and knowledge, the following:

## **THE PARTIES**

1.      Defendant Marriott Ownerships Resorts, Inc. ("DEFENDANT") at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2.      DEFENDANT develops, markets, sells, and manages vacation ownership and related products under the Marriott Vacation Club and Grand Residences by Marriott brands. The company also develops, markets, and sells vacation ownership and related products under The Ritz-Carlton Destination Club brand and holds right to develop, market, and sell ownership residential products under The Ritz-Carlton Residences brand. DEFENDANT sells points-based vacation ownership products through Marriott Vacation Club and weeks-based vacation ownership products.  The company sells its upscale tier vacation ownership products primarily through a network of resort-based sales centers and off-site sales locations.

2.      PLAINTIFF worked for DEFENDANT in California as a Sales Executive from May of 2016 to December 11, 2016.  At all times during her employment with DEFENDANT, PLAINTIFF was entitled to meal and rest periods and payment of overtime wages and reporting time wages for all time worked.  PLAINTIFF was also required to be paid for her rest periods as DEFENDANT paid PLAINTIFF only commission wages for certain pay periods.   DEFENDANT did not separately compensate PLAINTIFF for her rest periods.   In connection with her employment application, PLAINTIFF completed DEFENDANT's standard application materials. Among other things, these application materials included a background investigation disclosure and consent form.  To date, and as described below, DEFENDANT has not

1    fully paid PLAINTIFF the compensation still owed to her or any penalty wages owed

2    to her under Cal. Lab. Code § 203.  The amount in controversy for PLAINTIFF

3    individually does not exceed the sum or value of $75,000.

4         3.      During the employment application process PLAINTIFF executed the

5    background check disclosure and authorization form permitting DEFENDANT to have

6    a third-party obtain a consumer report, which form included, among other things, a

7    liability release provision.

8         4.      PLAINTIFF brings this Class Action on behalf of herself and a nationwide

9    class, defined as all employees or prospective employees of DEFENDANT in the United

10   States who executed DEFENDANT's standard FCRA disclosure form that included a

11   liability release clause (the  "FCRA CLASS") at any time during the period beginning

12   five (5) years prior to the filing of this Complaint and ending on the date as determined

13   by the Court (the "FCRA CLASS PERIOD").

14        5.      PLAINTIFF also brings this Class Action on behalf of herself and a

15   California class, defined as all individuals who are or previously were employed by

16   DEFENDANT in California as Sales Executives and who were paid commissions (the

17   "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior

18   to the filing of this Complaint and ending on the date of the filing of this Complaint (the

19   "CALIFORNIA CLASS PERIOD").

20        6.      PLAINTIFF brings this Class Action on behalf of herself and a

21   CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their

22   losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's

23   uniform policy and practice which failed to lawfully compensate these employees for all

24   their time worked and missed meal and rest periods.  DEFENDANT's uniform policy

25   and practice alleged herein is an unlawful, unfair and deceptive business practice

26   whereby retained and continues to retain wages due PLAINTIFF and the other members

27   of the CALIFORNIA CLASS.   PLAINTIFF  and  the  other  members  of  the

28

CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

## **THE CONDUCT**

7.    The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq*. ("FCRA") provides individuals with a number of rights.  Specifically, pertaining to employment-related background checks, the FCRA provides that a prospective employee must give valid consent to the background check.  The FCRA requires a signed authorization and disclosure from the applicant, sometimes referred to as a "consent" form.  The authorization and disclosure form most be executed and signed by the applicant prior to an employer requesting or conducting a background check.  Importantly, no extraneous information can be attached or included on the consent form. *The authorization and disclosure must stand alone*.

8.    In violation of 15 U.S.C. § 1681b(b)(2)(A)(I), DEFENDANT has unlawfully inserted a liability release provision into forms purporting to grant DEFENDANT and its third-party background checking company the authority to obtain and use consumer report information for employment purposes.  The FCRA prohibits this practice and requires that forms granting the authority to access and use consumer report information for employment purposes be stand alone forms, and not include any additional information or agreements.  DEFENDANT's decision to include liability release provisions in its authorization forms is contrary to the plain language of the statute and unambiguous regulatory guidance from the Federal Trade Commission ("FTC").

9.    In violation of 15 U.S.C. § 1681b(b)(2)(A)(ii) DEFENDANT has obtained consumer reports without proper authorization because the authorization and disclosure

form signed by PLAINTIFF and other FCRA CLASS Members failed to comply with the requirements of the FCRA.   The inclusion of the liability release clause in DEFENDANT's authorization forms invalidates the purported consent and also triggers statutory damages under the FCRA in the amount of up to $1,000 for each applicant that DEFENDANT obtained a consumer report without a facially valid authorization, as well as punitive damages, equitable relief, and attorneys' fees and costs.

10.     During the CALIFORNIA CLASS PERIOD, DEFENDANT also failed to accurately record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount of time these employees worked, including overtime and reporting time wages due.   Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT is required to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work. DEFENDANT required PLAINTIFF and CALIFORNIA CLASS Members to work off the clock without paying them for all the time they were under DEFENDANT's control performing post-shift duties, specifically by failing to provide enough labor hours to accomplish all the job tasks that DEFENDANT expected PLAINTIFF and CALIFORNIA CLASS Members to complete.   As a result, the PLAINTIFF and other CALIFORNIA CLASS Members forfeited time worked by working without their time being accurately recorded and without compensation at the applicable rates.

11.     In addition, when DEFENDANT requires PLAINTIFF and other CALIFORNIA CLASS Members to respond to calls and engage in additional work performing sales work after they had worked their normal shift and went home for the day, this results in a second reporting for work in a single workday.   In such a circumstance of a second reporting for work in a single workday, DEFENDANT failed to pay these employees reporting time pay as required by Cal. Code Regs., tit. 8, § 11040.  Subdivision 5(B) states: "If an employee is required to report for work a second

time in any one workday and is furnished less than two (2) hours of work on the second reporting, said employee shall be paid for two (2) hours at the employee's regular rate of pay, which shall not be less than the minimum wage." Cal. Code Regs., tit. 8, § 11040, subd. 5(B).

12.    As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were also from time to time unable to take thirty (30) minute off duty meal breaks and were not fully relieved of duty for their meal periods. PLAINTIFF and other CALIFORNIA CLASS Members were required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving a meal break as evidenced by daily time reports for these employees. Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period each workday in which these employees were required by DEFENDANT to work ten (10) hours of work.  As a result, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA CLASS Members with legally required meal breaks is evidenced by DEFENDANT's business records which contain no record of these breaks. PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

13.    In addition, DEFENDANT failed to compensate PLAINTIFF and CALIFORNIA CLASS Members for their rest periods as required by the applicable Wage Order and Labor Code.  DEFENDANT did not have a policy or practice which paid for off-duty rest periods to PLAINTIFF and the other CALIFORNIA CLASS Members. PLAINTIFF and other CALIFORNIA CLASS Members were required to be paid for their rest periods as DEFENDANT paid PLAINTIFF and other CALIFORNIA CLASS Members only commission wages for certain pay periods.  DEFENDANT did not separately compensate PLAINTIFF and CALIFORNIA CLASS Members for their rest periods. As a result, DEFENDANT's failure to provide PLAINTIFF and the

CALIFORNIA CLASS Members with all the legally required paid rest periods is evidenced by DEFENDANT's business records.

14.     PLAINTIFF sought employment with DEFENDANT in May of 2016.  In connection with her employment application, PLAINTIFF completed DEFENDANT's standard application materials.  These application materials included a background check disclosure and authorization form accompanied with a certification and release form.  Included on the certification and release form was extraneous information, including but not limited to, a liability release clause releasing DEFENDANT and its third-party it contracted with from all liability stemming from the conducting of a background check on PLAINTIFF.  Following her submission of the employment application materials DEFENDANT's third party conducted a background check on PLAINTIFF and PLAINTIFF was hired to work for DEFENDANT.

15.     The background check disclosure and authorization forms disclosed that DEFENDANT intended to conduct a background investigation on the applicant that would involve investigating the applicant's work record, references and education.  In addition, the forms also contained a liability release provision.

16.     The inclusion of this liability release provision in the background check disclosure and authorization form violates the FCRA, 15 U.S.C. § 1681, *et seq*.

17.     Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

(i)     a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, ***in a document that consists solely of the disclosure***, that a consumer report may be obtained for employment purposes; and

(ii)    the consumer has authorized in writing (which authorization may be made on the document referred to in clause(I)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(I)-(ii) (emphasis added).

18.     After PLAINTIFF executed the background check disclosure and authorization form in May of 2016, DEFENDANT obtained a consumer report on the PLAINTIFF notwithstanding the fact that the background check disclosure and

1    authorization forms were invalid under the requirements of the FCRA.

2        19.    Although the disclosure required by clause (i) and the authorization required

3    by clause (ii) may be combined in a single document, the FTC has warned that "the form

4    should not include any extraneous information.  Further, the FTC has also specifically

5    warned that "[t]he inclusion of such a waiver in a disclosure form will violate Section

6    604(b)(2)(A) of the FCRA [15 U.S.C. §§ 1681b(b)(2)(A)], which requires that a

7    disclosure consist 'solely' of the disclosure that a consumer report may be obtained for

8    employment purposes."

9        20.    By including a liability release clause in its background check forms,

10   DEFENDANT willfully disregarded the FTC's regulatory guidance and violated 15

11   U.S.C. §§ 1681b(b)(2)(A).

12       21.    DEFENDANT as a matter of corporate policy, practice and procedure,

13   intentionally, knowingly and systematically failed to reimburse and indemnify

14   PLAINTIFF and the other CALIFORNIA CLASS Members for required business

15   expenses incurred by PLAINTIFF and other CALIFORNIA CLASS Members in direct

16   consequence of discharging their duties on behalf of DEFENDANT.  Under California

17   Labor Code Section 2802, employers are required to indemnify employees for all

18   expenses incurred in the course and scope of their employment. Cal. Lab. Code § 2802

19   expressly states that "an employer shall indemnify his or her employee for all necessary

20   expenditures or losses incurred by the employee in direct consequence of the discharge

21   of his or her duties, or of his or her obedience to the directions of the employer, even

22   though unlawful, unless the employee, at the time of obeying the directions, believed

23   them to be unlawful."

24       22.    In the course of their employment PLAINTIFF and other CALIFORNIA

25   CLASS Members as a business expense, were required by DEFENDANT to use their

26   own personal cellular phones as a result of and in furtherance of their job duties as

27   employees for DEFENDANT but were not reimbursed or indemnified by DEFENDANT

28   for the cost associated with the use of their personal cellular phones for DEFENDANT's

benefit.  Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by DEFENDANT to use their personal cell phones to respond to potential clients about timeshare information, how many points they would need for certain properties and other work related tasks.  As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

23.    When PLAINTIFF and other CALIFORNIA CLASS Members were not compensated all their time worked and missed meal and rest breaks, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct amount of time worked,  including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*.  As a result, DEFENDANT provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violate Cal. Lab. Code § 226.

24.    By reason of this uniform conduct applicable to PLAINTIFF and CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy and procedure which fail to accurately record overtime worked, including overtime worked by the PLAINTIFF and other CALIFORNIA CLASS Members.  The proper recording of these employees' time

worked, including overtime worked, is the DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT fails to properly calculate and/or pay all required wages for work performed by the members of the CALIFORNIA CLASS and violated the California Labor Code and regulations promulgated thereunder as herein alleged.

## THE FCRA CLASS ALLEGATIONS

25.     PLAINTIFF brings the First and Second Cause of Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), on behalf of a nationwide Class, defined as all employees or prospective employees of DEFENDANT in the United States who executed DEFENDANT's standard FCRA disclosure form that included a liability release clause (the "FCRA CLASS") at any time during the period beginning five (5) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "FCRA CLASS PERIOD").

26.     To the extent equitable tolling operates to toll claims by the FCRA CLASS against DEFENDANT, the FCRA CLASS PERIOD should be adjusted accordingly.

27.     DEFENDANT, as a matter of corporate policy, practice and procedure, and in violation of The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.*, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT uniformly, unfairly, unlawfully, and deceptively instituted a practice of obtaining consumer reports without valid authorization to do so.

28.     The FCRA CLASS is so numerous that joinder of all FCRA CLASS Members is impracticable.

29.     DEFENDANT uniformly violated the rights of the FCRA CLASS by:

(a)     Violating The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.*, by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that uniformly obtained credit reports on prospective employees without first obtaining valid

1    authorization consent forms.

2    30.    Common questions of law and fact exist as to members of the FCRA

3    CLASS, including, but not limited, to the following:

4    (a)    Whether DEFENDANT required the FCRA CLASS Members to

5    sign a background check disclosure and authorization forms;

6    (b)    Whether DEFENDANT's background check disclosure and

7    authorization forms comply with the Fair Credit Reporting Act 15

8    U.S.C. § 1681, *et seq.* ("FCRA");

9    (c)    Whether DEFENDANT violated the FCRA by including a liability

10   release in its background check disclosure and authorization forms;

11   and,

12   (d)    Whether DEFENDANT violated the FCRA by procuring consumer

13   report information based on invalid authorizations;

14   (e)    Whether DEFENDANT's violations of the FCRA were willful;

15   (f)    The proper measure of statutory damages and punitive damages; and,

16   (g)    The proper form of injunctive and declaratory relief.

17   31.    This Class Action meets the statutory prerequisites for the maintenance of

18   a Class  Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

19   (a)    The persons who comprise the FCRA CLASS are so numerous that

20   the joinder of all such persons is impracticable and the disposition of

21   their claims as a class will benefit the parties and the Court;

22   (b)    Nearly all factual, legal, statutory, and declaratory relief issues that

23   are raised in this Complaint are common to the FCRA CLASS will

24   apply uniformly to every member of the FCRA CLASS;

25   (c)    The claims of the representative PLAINTIFF are typical of the

26   claims of each member of the FCRA CLASS.  PLAINTIFF, like all

27   the other members of the FCRA CLASS, had a credit report obtained

28

on her behalf by DEFENDANT prior to obtaining valid authorization to do so in violation of the FCRA as described herein. PLAINTIFF and the members of the FCRA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d) The representative PLAINTIFF will fairly and adequately represent and protect the interest of the FCRA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the FCRA CLASS that would make class certification inappropriate. Counsel for the FCRA CLASS will vigorously assert the claims of all employees in the FCRA CLASS.

32. In addition to meeting the statutory prerequisites to a Class Action, this Action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a) Without class certification and determination of declaratory, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the FCRA CLASS will create the risk of:

1) Inconsistent or varying adjudications with respect to individual members of the FCRA CLASS which would establish incompatible standards of conduct for the parties opposing the FCRA CLASS; and/or,

2) Adjudication with respect to individual members of the FCRA CLASS which would as a practical matter be dispositive of

interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)   The parties opposing the FCRA CLASS have acted or refused to act on grounds generally applicable to the FCRA CLASS, making appropriate class-wide relief with respect to the FCRA CLASS as a whole;

(c)   Common questions of law and fact exist as to the members of the FCRA CLASS, with respect to the practices and violations of the FCRA as listed above, and predominate over any question affecting only individual FCRA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

   1)   The interests of the members of the FCRA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual FCRA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

   2)   Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

      A.   Inconsistent or varying adjudications with respect to individual members of the FCRA CLASS, which would establish incompatible standards of conduct for DEFENDANT; and/or,

      B.   Adjudications with respect to individual members of

the FCRA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of employment litigation because as a practical matter a substantial number of individual FCRA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A Class Action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

33. This Court should permit this Action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), because:

(a) The questions of law and fact common to the FCRA CLASS predominate over any question affecting only individual FCRA CLASS Members because DEFENDANT's employment practices were uniform and systematically applied with respect to the FCRA CLASS;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the FCRA CLASS because in the context of employment litigation a substantial

number of individual FCRA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the FCRA CLASS are so numerous that it is impractical to bring all members of the FCRA CLASS before the Court;

(d) PLAINTIFF, and the other FCRA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of statutory violations and other improprieties, and in obtaining adequate compensation for the injuries which DEFENDANT's actions have inflicted upon the FCRA CLASS;

(f) There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the FCRA CLASS for the injuries sustained;

(g) DEFENDANT has acted or refused to act on grounds generally applicable to the FCRA CLASS, thereby making final class-wide relief appropriate with respect to the FCRA CLASS as a whole;

(h) The members of the FCRA CLASS are readily ascertainable from the business records of DEFENDANT. The FCRA CLASS consists of all employees or prospective employees of DEFENDANT in the United States who executed DEFENDANT's standard FCRA disclosure form that included a liability release clause allowing DEFENDANT to obtain a consumer report during the FCRA CLASS PERIOD; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all FCRA claims arising out of the conduct of DEFENDANT as to the members of the FCRA CLASS.

34.     DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA CLASS

35.     PLAINTIFF brings the Third Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class Action, pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in California as Sales Executives and who were paid commissions (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date of the filing of this Complaint (the "CALIFORNIA CLASS PERIOD").  To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

36.     The California Legislature has commanded that "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays",  and further that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-

half times the regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).)  The Industrial Welfare Commission (IWC), however, is statutorily authorized to "establish exemptions from the requirement that an overtime rate of compensation be paid... ...for executive, administrative, and professional employees, provided [inter alia] that the employee is primarily engaged in duties that meet the test of the exemption, [and] customarily and regularly exercises discretion and independent judgment in performing those duties..."  (Lab. Code § 510(a).)  Neither the PLAINTIFF nor the other members of the CALIFORNIA CLASS qualify for exemption from the above requirements.

37.   DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT systematically failed to record overtime worked by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work.

38.   DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid wages due to them for time worked at the rate required by California law, including overtime work.  The DEFENDANT, however, as a matter of uniform and systematic policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member was paid for their time worked as required by law, including their overtime worked.  This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this claim.

39.   The CALIFORNIA CLASS, is so numerous that joinder of all

1  CALIFORNIA CLASS Members is impracticable.

2      40.    DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS

3  under California law by:

        (a)    Violating the California Unfair Competition laws, Cal. Bus. & Prof.
               Code §§ 17200, *et seq.* (the "UCL"), by unlawfully, unfairly and/or
               deceptively having in place company policies, practices and
               procedures that uniformly and systematically failed to record and pay
               the PLAINTIFF and the other members of the CALIFORNIA
               CLASS for all time worked, including overtime worked by these
               employees;

        (b)    Committing an act of unfair competition in violation of the UCL, by
               unlawfully, unfairly, and/or deceptively failing to pay the correct
               reporting time wages owed to PLAINTIFF and the members of the
               CALIFORNIA CLASS;

        (c)    Committing an act of unfair competition in violation of the
               California Unfair Competition Laws, Cal. Bus. & Prof. Code §§
               17200 *et seq.*, by violating Cal. Lab. Code § 2802 by failing to
               reimburse PLAINTIFF and the CALIFORNIA CLASS members
               with necessary expenses incurred in the discharge of their job duties;
               and,

        (d)    Committing an act of unfair competition in violation of the UCL, by
               failing to provide the PLAINTIFF and the other members of the
               CALIFORNIA CLASS with the legally required uninterrupted meal
               breaks, and the legally required paid rest breaks.

25      41.    This Class Action meets the statutory prerequisites for the maintenance of

26  a Class  Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

        (a)    The persons who comprise the CALIFORNIA CLASS are so

numerous that the joinder of all CALIFORNIA CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply uniformly to every member of the CALIFORNIA CLASS;

(c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was a Sales Executive employee who was paid commission and was subjected to DEFENDANT's deceptive practice and policy described herein. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

42.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2)

and/or (3), in that:

    (a)   Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

        1)   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

        2)   Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

    (b)   The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT uniformly failed to pay wages due. Including wages due for overtime worked by the members of the CALIFORNIA CLASS as required by law;

        1)   With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent

and remedy the conduct declared to constitute unfair competition;

(c)  Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

    1)  The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

    2)  Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

        A.  Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

        B.  Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

    3)  In the context of wage litigation because a substantial number

of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)   A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

43.   This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

(a)   The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are uniformly and systematically applied with respect to the CALIFORNIA CLASS;

(b)   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)   The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS

before the Court;

(d)     PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)     The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT.  The CALIFORNIA CLASS consists of all individuals who are or previously were employed by DEFENDANT in California as Sales Executives and who were paid commissions during the CALIFORNIA CLASS PERIOD; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

44.     DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been systematically,

1    intentionally and uniformly subjected to DEFENDANT's company policy, practices and

2    procedures as herein alleged.  PLAINTIFF will seek leave to amend the Complaint to

3    include any additional job titles of similarly situated employees when they have been

4    identified.

5

6                    **THE CALIFORNIA LABOR SUB-CLASS**

7          45.    PLAINTIFF further brings the Fourth, Fifth, Sixth and Seventh Causes of

8    Action on behalf of a California sub-class, defined as all members of the CALIFORNIA

9    CLASS who are or previously were employed by DEFENDANT in California as Sales

10   Executives and who were paid commissions (the "CALIFORNIA LABOR SUB-

11   CLASS") at any time during the period three (3) years prior to the filing of the complaint

12   and ending on the date of the filing of this Complaint (the "CALIFORNIA LABOR

13   SUB-CLASS PERIOD") pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

14         46.    DEFENDANT, as a matter of company policy, practice and procedure, and

15   in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC")

16   Wage Order requirements, and the applicable provisions of California law, intentionally,

17   knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to record

18   time worked by PLAINTIFF and members of the CALIFORNIA LABOR SUB-CLASS,

19   including overtime worked, even though DEFENDANT enjoyed the benefit of this work,

20   required employees to perform this work and permitted or suffered to permit this work.

21   DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-CLASS

22   Members wages to which these employees were entitled in order to unfairly cheat the

23   competition and unlawfully profit.  To the extent equitable tolling operates to toll claims

24   by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA

25   LABOR SUB-CLASS PERIOD should be adjusted accordingly.

26         47.    DEFENDANT maintains records from which the Court can ascertain and

27   identify by name and job title, each of DEFENDANT's employees who have been

28   systematically, intentionally and uniformly subjected to DEFENDANT's company

policy, practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

48.     The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

49.     Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a)    Whether DEFENDANT unlawfully failed to pay overtime wages to members of the CALIFORNIA LABOR SUB-CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(c)    Whether the members of the CALIFORNIA LABOR SUB-CLASS are entitled to overtime compensation for overtime worked under the overtime pay requirements of California law;

(d)    Whether DEFENDANT failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(e)    Whether DEFENDANT failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with legally required uninterrupted thirty (30) minute meal breaks;

(f)    Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(g)    The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(h)    Whether DEFENDANT's conduct was willful.

50.     DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)    Violating Cal. Lab. Code §§ 510, *et seq*., by failing to correctly pay

1     the PLAINTIFF and the members of the CALIFORNIA LABOR

2     SUB-CLASS wages due for time worked, including overtime

3     worked for which DEFENDANT is liable pursuant to Cal. Lab. Code

4     § 1194; and,

5  (b)  Violating Cal. Lab. Code § 226, by failing to provide the

6     PLAINTIFF and the members of the CALIFORNIA LABOR SUB-

7     CLASS with an accurate itemized statement in writing showing all

8     accurate and applicable overtime rates in effect during the pay period

9     and the corresponding amount of time worked at each overtime rate

10     by the employee;

11  (c)  Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides

12     that when an employee is discharged or quits from employment, the

13     employer must pay the employee all wages due without abatement,

14     by failing to tender full payment and/or restitution of wages owed or

15     in the manner required by California law to the members of the

16     CALIFORNIA LABOR SUB-CLASS who have terminated their

17     employment; and

18  (d)  Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF

19     and the CALIFORNIA CLASS members with necessary expenses

20     incurred in the discharge of their job duties.

21  51.  This Class Action meets the statutory prerequisites for the maintenance of

22 a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

23  (a)  The persons who comprise the CALIFORNIA LABOR SUB-CLASS

24     are so numerous that the joinder of all CALIFORNIA LABOR SUB-

25     CLASS Members is impracticable and the disposition of their claims

26     as a class will benefit the parties and the Court;

27  (b)  Nearly all factual, legal, statutory, declaratory and injunctive relief

28     issues that are raised in this Complaint are common to the

CALIFORNIA LABOR SUB-CLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUB-CLASS;

(c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all the other members of the CALIFORNIA LABOR SUB-CLASS, was a Sales Executive who was subjected to DEFENDANT's deceptive practice and policy described herein. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

52.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the

CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)   Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)   The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT uniformly failed to pay wages due for overtime worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)   Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)   The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of

individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

    A.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

    B.    Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of

certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

53.    This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

(a)    The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the

1  injuries sustained;

2  (g)  DEFENDANT has acted or refused to act on grounds generally

3  applicable to the CALIFORNIA LABOR SUB-CLASS, thereby

4  making final class-wide relief appropriate with respect to the

5  CALIFORNIA LABOR SUB-CLASS as a whole;

6  (h)  The members of the CALIFORNIA LABOR SUB-CLASS are

7  readily ascertainable from the business records of DEFENDANT.

8  The CALIFORNIA LABOR SUB-CLASS consists of all

9  CALIFORNIA CLASS Members who are or previously were

10  employed by DEFENDANT in California as Sales Executives and

11  who were paid commissions during the CALIFORNIA LABOR

12  SUB-CLASS PERIOD; and,

13  (i)  Class treatment provides manageable judicial treatment calculated to

14  bring an efficient and rapid conclusion to all litigation of all wage

15  and hour related claims arising out of the conduct of DEFENDANT

16  as to the members of the CALIFORNIA LABOR SUB-CLASS.

17

18  **JURISDICTION AND VENUE**

19  54.  This Court has jurisdiction over the PLAINTIFF's federal claims

20  pursuant to 28 U.S.C. § 1331(a) and 15 U.S.C. 1681p of the FCRA, codified at 15

21  U.S.C. § 1681, *et seq*.

22  55.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because: (I)

23  DEFENDANT is subject to personal jurisdiction in this District and therefore resides

24  in this District; (ii) DEFENDANT maintains offices and facilities in this District; and,

25  (iii) DEFENDANT committed the wrongful conduct against members of the CLASS,

26  including the PLAINTIFF in this District.

27  ///

28  ///

**FIRST CAUSE OF ACTION**

**For Failure to Make Proper Disclosure in Violation of the FCRA**

**[15 U.S.C. § 1681b(b)(2)(A)(I), *et seq*.]**

**(By PLAINTIFF and the FCRA CLASS and Against All Defendants)**

56.    PLAINTIFF, and the other members of the FCRA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

57.    DEFENDANT violated 15 U.S.C. § 1681b(b)(2)(A)(I) of the FCRA by including a liability release clause in DEFENDANT's background check disclosure and authorization form that PLAINTIFF and other FCRA CLASS Members were required to execute as a condition of employment with DEFENDANT.

58.    The violations of the FCRA were willful.  DEFENDANT knew that its background check forms should not include extraneous information that is prohibited by the FCRA, and acted in deliberate disregard of its obligations and the rights of PLAINTIFF and other FCRA CLASS Members under 15 U.S.C. § 1681b(b)(2)(A)(I).

59.    PLAINTIFF and the other FCRA CLASS Members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

60.    PLAINTIFF and FCRA CLASS Members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

61.    PLAINTIFF and FCRA CLASS Members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

///

///

///

///

///

///

**SECOND CAUSE OF ACTION**

**For Failure to Obtain Proper Authorization in Violations of the FCRA**

**[15 U.S.C. § 1681b(b)(2)(A)(ii)]**

**(By PLAINTIFF and the FCRA CLASS and Against All Defendants)**

62.     PLAINTIFF, and the other members of the FCRA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

63.     DEFENDANT violated the FCRA by procuring consumer reports relating to PLAINTIFF and other FCRA CLASS Members without proper authorization as alleged herein. See 15 U.S.C. § 1681b(b)(2)(A)(ii).

64.     The violations of the FCRA were willful. DEFENDANT acted in deliberate disregard of its obligations and the rights of PLAINTIFF and other FCRA CLASS Members under 15 U.S.C. § 1681b(b)(2)(A)(ii).

65.     PLAINTIFF and the FCRA CLASS Members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

66.     PLAINTIFF and the FCRA CLASS Members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

67.     PLAINTIFF and the FCRA CLASS Members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**THIRD CAUSE OF ACTION**

**For Unlawful Business Practices**

**[Cal. Bus. And Prof. Code §§ 17200, *et seq*.]**

**(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

68.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

69.     DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

70.     California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

71.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 226.7, 510, 512, 1198, 2802, and The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.* for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

72.     By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

73.     By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's uniform policy and practice failed to pay

PLAINTIFF, and other members of the CALIFORNIA CLASS, wages due for time worked, including overtime worked, and reporting wages due, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

74.     By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

75.     By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures failed to provide legally required uninterrupted meal breaks to PLAINTIFF and the other members of the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

76.     Therefore, PLAINTIFF demands on behalf of herself and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

77.     PLAINTIFF further demands on behalf of herself and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which a rest period was not paid as required by law.

78.     By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for time worked, including overtime worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to

the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

79. All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

80. PLAINTIFF and the other members of the CALIFORNIA CLASS were further entitled to, and do, seek a declaration that the described business practices were unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

81. PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## FOURTH CAUSE OF ACTION

### For Failure To Pay Overtime Compensation

### [Cal. Lab. Code §§ 510 & 1198, *et seq.*]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

82. PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the

1    prior paragraphs of this Complaint.

2        83.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

3    CLASS bring a claim for DEFENDANT's willful and intentional violations of the

4    California Labor Code and the Industrial Welfare Commission requirements for

5    DEFENDANT's failure to pay these employees for time worked, including overtime

6    worked, including, work performed in excess of eight (8) hours in a workday and/or

7    forty (40) hours in any workweek.

8        84.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

9    public policy, an employer must timely pay its employees for time worked.

10       85.    Cal. Lab. Code § 510 further provides that employees in California shall not

11   be employed more than eight (8) hours per workday and more than forty (40) hours per

12   workweek  unless they receive additional compensation beyond their regular wages in

13   amounts specified by law.

14       86.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid

15   wages, including minimum wage and overtime compensation and interest thereon,

16   together with the costs of suit.  Cal. Lab. Code § 1198 further states that the employment

17   of an employee for longer hours than those fixed by the Industrial Welfare Commission

18   is unlawful.

19       87.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF

20   and CALIFORNIA LABOR SUB-CLASS Members have been required by

21   DEFENDANT to work off-the-clock and have not been paid for the off-the-clock time

22   they worked, including overtime worked.

23       88.    DEFENDANT's uniform pattern of unlawful wage and hour practices

24   manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS

25   as a whole, as a result of implementing a uniform policy and practice that failed to

26   accurately record time worked by PLAINTIFF and other CALIFORNIA LABOR SUB-

27   CLASS Members and denies accurate compensation to the PLAINTIFF and the other

28   members of the CALIFORNIA LABOR SUB-CLASS for time worked, including, the

1   overtime work performed in excess of eight (8) hours in a workday and/or forty (40)

2   hours in any workweek.

3         89.    In committing these violations of the California Labor Code, DEFENDANT

4   inaccurately recorded time worked and consequently underpaid the actual time worked

5   by PLAINTIFF and other CALIFORNIA LABOR-SUB CLASS Members.

6   DEFENDANT acted in an illegal attempt to avoid the payment of earned wages, and

7   other benefits in violation of the California Labor Code, the Industrial Welfare

8   Commission requirements and other applicable laws and regulations.

9         90.    As a direct result of DEFENDANT's unlawful wage practices as alleged

10  herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

11  do  not receive full compensation for time worked, including overtime worked.

12        91.    Cal. Lab. Code § 515 sets out various categories of employees who are

13  exempt from the overtime requirements of the law.  None of these exemptions are

14  applicable to the PLAINTIFF and the other members of the CALIFORNIA LABOR

15  SUB-CLASS.  Further, PLAINTIFF and the other members of the CALIFORNIA

16  LABOR SUB-CLASS were not subject to a valid collective bargaining agreement that

17  would preclude the causes of action contained herein this Complaint.  Rather,

18  PLAINTIFF brings this Action on behalf of herself and the CALIFORNIA LABOR

19  SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable

20  rights provided by the State of California.

21        92.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF

22  and the other members of the CALIFORNIA LABOR SUB-CLASS have been paid less

23  for time worked that they are entitled to, constituting a failure to pay earned overtime

24  wages at the rate under Labor Code § 1198.

25        93.    DEFENDANT failed to accurately pay PLAINTIFF and the other members

26  of the CALIFORNIA LABOR SUB-CLASS overtime for the time they worked which

27  is in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§

28  510, 1194 & 1198, even though PLAINTIFF and the other members of the

1  CALIFORNIA LABOR SUB-CLASS are required to work, and do in fact work,
2  overtime as to which DEFENDANT failed to accurately record and pay as evidenced by
3  DEFENDANT's business records and witnessed by employees.

4      94.    By virtue of DEFENDANT's unlawful failure to accurately pay earned
5  compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR
6  SUB-CLASS for the true amount of time they work, PLAINTIFF and the other members
7  of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer
8  an economic injury in amounts which are presently unknown to them and which will be
9  ascertained according to proof at trial.

10     95.    DEFENDANT knew or should have known that PLAINTIFF and the other
11  members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their
12  time worked.    DEFENDANT systematically elected, either through intentional
13  malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of
14  uniform company policy, practice and procedure, and DEFENDANT perpetrated this
15  systematic scheme by refusing to pay PLAINTIFF and the other members of the
16  CALIFORNIA LABOR SUB-CLASS for time worked, including overtime worked.

17     96.    In performing the acts and practices herein alleged in violation of California
18  labor laws, and refusing to compensate the members of the CALIFORNIA LABOR
19  SUB-CLASS for their time  worked and provide them with the requisite overtime
20  compensation, DEFENDANT acted and continues to act intentionally, oppressively, and
21  maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR
22  SUB-CLASS with a conscious of and utter disregard for their legal rights, or the
23  consequences to them, and with the despicable intent of depriving them of their property
24  and legal rights, and otherwise causing them injury in order to increase company profits
25  at the expense of these employees.

26     97.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-
27  CLASS therefore request recovery of unpaid wages, including overtime wages,
28  according to proof, interest, statutory costs, as well as the assessment of any statutory

penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  To the extent minimum and/or overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.  Further, the PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

## FIFTH CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

98.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

99.     Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and her or her social security number, except that by January 1, 2008, only the last four digits of her or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

100. When PLAINTIFF and other CALIFORNIA CLASS Members were not compensated for overtime worked and missed meal and rest breaks, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct amount of time worked,  including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.  Cal. Lab. Code § 226 provides that every employer shall furnish each of her or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  As a result, DEFENDANT provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violate Cal. Lab. Code § 226.

101. DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs expended calculating the correct rates for the overtime hours worked and the amount of employment taxes which were not properly paid to state and federal tax

1   authorities.  These damages are difficult to estimate.  Therefore, PLAINTIFF and the

2   other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover

3   liquidated damages of fifty dollars ($50.00) for the initial pay period in which the

4   violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent

5   pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time

6   of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and

7   each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

8

9                            **SIXTH CAUSE OF ACTION**

10                        **For Failure to Pay Wages When Due**

11                        **[ Cal. Lab. Code §§ 201, 202, 203]**

12   **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

13                                    **Defendants)**

14        102.   PLAINTIFF and the other members of the CALIFORNIA LABOR

15   SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the

16   prior paragraphs  of this Complaint.

17        103.   Cal. Lab. Code § 200 provides, in relevant part, that:

18        As used in this article:

19        (a) "Wages" includes all amounts for labor performed by employees of
          every description, whether the amount is fixed or ascertained by the
20        standard of time, task, piece, Commission basis, or other method of
          calculation.
21        (b) "Labor" includes labor, work, or service whether rendered or performed under
          contract, subcontract, partnership, station plan, or other agreement if the labor to
22        be paid for is performed personally by the person demanding payment.

23        104.   Cal. Lab. Code § 201 provides, in relevant part, "that if an employer

24   discharges an employee, the wages earned and unpaid at the time of discharge are due

25   and payable immediately."

26        105.   Cal. Lab. Code § 202 provides, in relevant part, that:

27        If an employee not having a written contract for a definite period quits his or
          her employment, his or her wages shall become due and payable not later
28        than 72 hours thereafter, unless the employee has given 72 hours previous

notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

106. There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

107. Cal. Lab. Code § 203 provides, in relevant part, that:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

108. The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS Members has terminated and DEFENDANT has not tendered payment of all wages owed as required by law.

109. Therefore, as provided by Cal Lab. Code § 203, on behalf of herself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated, PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

## SEVENTH CAUSE OF ACTION
### For Failure to Reimburse Employees for Required Expenses
### [Cal. Lab. Code § 2802]
### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

110. PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, the prior

1  paragraphs of this Complaint.

2      111.   Cal. Lab. Code § 2802 provides, in relevant part, that:

3      An employer shall indemnify his or her employee for all necessary
       expenditures or losses incurred by the employee in direct consequence of
4      the discharge of his or her duties, or of his or her obedience to the directions
       of the employer, even though unlawful, unless the employee, at the time of
5      obeying the directions, believed them to be unlawful.

6      112.   At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802,

7  by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR

8  SUB-CLASS members for required expenses incurred in the discharge of their job duties

9  for DEFENDANT's benefit.  DEFENDANT failed to reimburse PLAINTIFF and the

10  CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were

11  not limited to, costs related to using their personal cellular phones all on behalf of and

12  for the benefit of DEFENDANT.  Specifically, PLAINTIFF and other CALIFORNIA

13  CLASS Members were required by DEFENDANT to use their personal cell phones to

14  respond to work related issues as described above.  DEFENDANT's uniform policy,

15  practice and procedure was to not reimburse PLAINTIFF and the CALIFORNIA

16  LABOR SUB-CLASS members for expenses resulting from using their personal cellular

17  phones for DEFENDANT within the course and scope of their employment for

18  DEFENDANT.  These expenses were necessary to complete their principal job duties.

19  DEFENDANT is estopped  by DEFENDANT's conduct to assert any waiver of this

20  expectation.  Although these expenses were necessary expenses incurred by PLAINTIFF

21  and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to

22  indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

23  members for these expenses as an employer is required to do under the laws and

24  regulations of California.

25      113.   PLAINTIFF therefore demands reimbursement for expenditures or losses

26  incurred by her and the CALIFORNIA LABOR SUB-CLASS members in the discharge

27  of their  job duties for DEFENDANT, or their obedience to the directions of

28  DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.   On behalf of the FCRA CLASS:

   A)   That the Court certify the First and Second Cause of Action asserted by the FCRA CLASS as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

   B)   A determination and judgment that DEFENDANT willfully violated the 15 U.S.C. § 1681(b)(2)(A)(I) and(ii) of the FCRA by failing improperly including liability release language in its background check disclosure and authorization form and by obtaining consumer reports on PLAINTIFF and FCRA CLASS Members without having proper authorization to do so;

   C)   Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages to PLAINTIFF and the members of the FCRA CLASS in an amount equal to $1,000 for PLAINTIFF and each FCRA CLASS Member for DEFENDANT's willful violation of the FCRA:

   D)   Pursuant to 15 U.S.C. § 1681n(a)(2), an award of punitive damages to PLAINTIFF and other FCRA CLASS Members;

   E)   An award for costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

   F)   Such other and further relief as the Court deems just and equitable.

2.   On behalf of the CALIFORNIA CLASS:

   A)   That the Court certify the Third Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

   B)   An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

C)   An order requiring DEFENDANT to pay all wages and all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

D)   Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

3.   On behalf of the CALIFORNIA LABOR SUB-CLASS:

A)   That the Court certify the Fourth, Fifth, Sixth and Seventh Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

B)   Compensatory damages, according to proof at trial, including compensatory damages for overtime compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate; and,

C)   The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

D)   The wages of all terminated employees from the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203; and,

E)   The amount of the expenses PLAINTIFF and each member of the CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit.

4.    On all claims:

    A)    An award of interest, including prejudgment interest at the legal rate;

    B)    Such other and further relief as the Court deems just and equitable; and,

    C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to 15 U.S.C. § 1681n, 15 U.S.C. § 1681o, Labor Code §218.5, §226, §1194 and/or §2802.

Dated:   August 18, 2017        BLUMENTHAL, NORDREHAUG & BHOWMIK LLP

                    By:   */s/ Norman B. Blumenthal*
                         Norman B. Blumenthal
                         Attorneys for Plaintiff

1

## **DEMAND FOR A JURY TRIAL**

2          PLAINTIFF demands a jury trial on issues triable to a jury.

3

4     Dated:   August 18, 2017          BLUMENTHAL, NORDREHAUG & BHOWMIK LLP

5
                                        By:   */s/ Norman B. Blumenthal*
6                                             Norman B. Blumenthal
                                              Attorneys for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28