

FILED
SEP 0 5 2018
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY McCOMACK,<br><br>Plaintiff,<br><br>v.<br><br>MARRIOTT OWNERSHIP RESORTS, INC., a Corporation,<br><br>Defendant. | Case No.: 3:17-cv-01663-BEN-WVG<br><br>**ORDER:**<br>**(1) GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY CASE;**<br>**(2) DENYING DEFENDANT'S MOTION TO DISMISS OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[Doc. Nos. 8, 15] |

Pending before the Court is Defendant Marriott Ownership Resorts, Inc. ("Marriott" or "Defendant") Motion to Compel Plaintiff Stacy McComack ("McComack" or "Plaintiff") to submit her claims to arbitration on an individual basis. Also before the Court is Defendants Motion to Dismiss or Strike the Plaintiff's First Amended Complaint. The Court decides these matters on the papers submitted and without oral argument. *See* Civ. L. R. 7.1(d.1). For the reasons stated below, the Court **GRANTS**

1

Defendants' Motion to Compel Arbitration and Stay Proceedings and **DENIES as moot** Defendants' Motion to Dismiss or Strike.

## BACKGROUND

Defendant develops, markets, sells and manages vacation ownership and related products under the Marriott Vacation Club and Grand Residences by Marriott brands.[1] (Doc. No. 11 ¶ 2.) Plaintiff was a Sales Executive for Defendant in California. (Doc. No. 11 ¶¶ 1-3.) As a condition of employment, Plaintiff signed a "Dispute Resolution Agreement" requiring arbitration of any claims between Plaintiff and Defendant. ("Agreement" [Doc. No. 8-3 Ex. 1].) The Agreement also contains a clause ("Class Action Waiver") which, if valid, would deny each side the right to file a class action claim against the other, whether in court, arbitration, or otherwise.

On October 27, 2017, Plaintiff filed an amended complaint against the Defendant alleging various putative class and collective action claims stemming from violations of California and federal labor laws.[2] (See FAC [Doc. No. 11].) Defendant now moves to compel Plaintiff to submit her claims to arbitration on an individual basis. (See Mot. [Doc. No. 8].)

## LEGAL STANDARD

There is no dispute as to the fact that the Federal Arbitration Act ("FAA") governs here. Under the FAA, a Court need consider only two questions to determine whether to compel arbitration: (1) is there a valid agreement to arbitrate? And, if so, (2) does the

---

[1] Defendant also develops, markets, and sells vacation ownership and related products under The Ritz-Carlton Destination Club Brand and holds right to develop, market, and sell ownership residential products under The Ritz-Carlton brand. Defendant sells points-based vacation ownership products through Marriott Vacation Club and weeks-based vacation ownership products. The company sells its upscale tier vacation ownership products primarily through a network of resort-based sales centers and off-site sales locations. (Doc. No. 11 ¶ 2.)

[2] On August 18, 2017, Plaintiff filed a complaint alleging various wage and hour violations against Defendant. (See Comp. [Doc. No. 1].)

2

agreement cover the matter in dispute? *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). The Agreement clearly covers the matters in dispute here. Accordingly, the Court need only consider whether the Agreement is valid.

Section 2 of the Federal Arbitration Act ("FAA") states that:

> A written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. Section 2 "'a national policy favoring arbitration of claims that parties contract to settle in that manner." *Preston v. Ferrer*, 552 U.S. 346, 352-53 (2008) (citing *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984)).

Section 3 of the FAA states where an issue involved in a suit or proceeding is referable to arbitration under an agreement in writing, the district court "shall on application of one of the parties' stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ." 9 U.S.C. § 3. The language is mandatory, and district courts are required to order arbitration on issues as to which an arbitration agreement has been signed. *Chiron Corp.* 207 F.3d at 1130.

Under California law, the elements of a valid contract are (1) parties capable of contracting; (2) mutual consent; (3) a lawful object; and (4) consideration. Cal. Civ. Code § 1550. However, a court will not enforce an otherwise valid contract if there exists a viable defense, such as illegality. 1 Witkin, Summary 10th (2005) Contracts, § 331, p. 365.

**DISCUSSION**

**I.    Marriott's Motion to Compel Arbitration**

Defendant asserts that the Court should compel Plaintiff to honor her mutual agreement to arbitrate her individual claims and stay further judicial proceedings pending completion of arbitration. (Doc. No. 13 at 3.) Plaintiff argues the Agreement is illegal,

and therefore unenforceable because it contains an unlawful waiver of a representative Private Attorneys General Act ("PAGA") claim[3] as well as an illegal Class Action Waiver of concerted employee actions in violation of the National Labor Relations Act ("NLRA"). (Doc. No. 12 at 2.)

### A. The Arbitration Agreement is Valid and Enforceable

#### 1. Private Attorney General Act Claims

The Court must assess whether the arbitration agreement, at issue, is valid and enforceable under section 2 of the FAA, 9 U.S.C. § 2. *Ticknor v. Choice Hotels, Int'l, Inc.*, 265 F.3d 931, 937 (9th Cir. 2001). "[G]enerally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2." *Doctor's Assocs. v. Casarotto*, 517 U.S. 681, 687 (1996). However, this Court relies on California contract law to determine the issues raised in this action.

"If a contract is unconscionable, under California law courts may refuse to enforce it." *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 1998). To be unenforceable, the arbitration clause must be both procedurally and substantively unconscionable, but not necessarily to the same degree. *Ting v. AT & T*, 319 F.3d 1126, 1148 (9th Cir. 2003). "[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000).

Procedural unconscionability "concerns the manner in which the contract was negotiated and the circumstances of the parties at that time." *Kinney v. United HealthCare Servs., Inc.*, 70 Cal. App. 4th 1322, 1329 (1999). Procedural

---

[3] The Defendants arbitration agreement contains an illegal waiver of a PAGA claim in violation of *Iskanian v. CLS Transportation*, 59 Cal. 4th 348 (2014) and *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425 (Sept. 28, 2015).

4

unconscionability requires either of two factors: oppression or surprise. *Stirlen v. Supercuts, Inc.*, 51 Cal. App. 4th 1519 (1997). Oppression "arises from an inequality in bargaining power which results in no real negotiation and an absence of meaningful choice." (*Id.* at 1531.)

Substantive unconscionability focuses "on overly harsh or one-sided results." *Armendariz*, 24 Cal. 4th at 114 (quotation marks and citations omitted). An arbitration clause is substantively unconscionable if "the terms of the agreement ... are so one-sided as to shock the conscience." *Kinney*, 70 Cal. App. 4th at 1329 (emphasis altered). "[M]utuality is the "paramount" consideration when assessing substantive unconscionability." *Pokorny v. Quixtar*, 601 F.3d 987, 997-98 (9th Cir. 2010) (citations omitted). "Agreements to arbitrate must contain at least 'a modicum of bilaterality' to avoid unconscionability." (*Id.*) (internal citations and quotations omitted). The Court finds that Plaintiff fails to meet either of these requirements.

        a.    *Procedural Unconscionability*

First, as to *Procedural Unconscionability*, the Court notes that during Plaintiff's onboarding, she signed the "Dispute Resolution Agreement" ("Agreement") to arbitrate any claims arising out of her employment.[4] (Doc. No. 8-1.) The Arbitration Agreement, a two-page document (*see* Doc. No. 8-3), provides in pertinent part:

---

[4] Defendant submitted a copy of a "Dispute Resolution Agreement," which they represent Plaintiff executed on May 18, 2016, that included an arbitration agreement.[4] (*See* Doc. No. 8-3 at 1.) The first page of the "Dispute Resolution Agreement" includes the following arbitration provision:
> "... Except as it otherwise provides, this Arbitration Provision is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration. Except as otherwise stated in this Arbitration Provision, you and the Company agree that any legal dispute covered by this Arbitration Provision, or concerning the validity, enforceability or breach of this Arbitration Provision, shall be resolved by binding arbitration in accordance with the Employment Arbitration Rules and Procedures of JAMS ('JAMS Rules') then in effect,

5

> Plaintiff and Defendant mutually agreed to arbitrate any disputes arising out of Plaintiff's employment, including but not limited to "disputes arising out of or related to . . . background checks . . . unfair competition, compensation . . . expense reimbursement, overtime, breaks and rest periods . . . and claims arising under . . . Fair Credit Reporting Act . . . and all other federal or state legal claims arising out of or relating to [Plaintiff's] employment.

(Doc. No. 8-1 at 1.) The parties further agreed to submit such disputes on an individual basis only to binding arbitration before JAMS (Judicial Arbitration Mediation Services). (*Id.*)

Defendant requires all new employees to review and (i) sign, or (ii) opt-out of the Agreement during the onboarding process. (*Id.*) However, the Agreement expressly states that "arbitration is not a mandatory condition . . . employment."[5] (*Id.* at 3.) Thus, a party is not required to sign the Agreement in order to obtain or keep employment with the Defendant. (*Id.*) Moreover, even if an employee signs the Agreement, he or she can later reject the Agreement by providing Defendant with a written statement opting-out within thirty (30) days of signing it. (*Id.*)

On May 18, 2016, Plaintiff electronically acknowledged that she read and understood the contents of Defendant's Agreement and agreed to be bound by it. (*Id.* at 4.) Moreover, Plaintiff did not subsequently reject or opt-out the agreement. (*Id.*) Nor did Defendant ever waive or supersede the Agreement with other terms and conditions of Plaintiff's employment. (*Id.*)

In this case, Plaintiff was made aware of the arbitration clause during her onboarding. Despite being made aware the agreement was optional and had no effect on

---

and not by court or jury trial, to be held (unless the parties agree in writing otherwise) within 45 miles of where you are or were last employed by the Company. ..."

[5] By its own terms, the "Agreement" "replaces all prior agreements regarding the formal resolution of disputes covered by this Agreement and is the full and complete agreement relating to the formal resolution of those disputes." (*Id.* at 2.)

6

her employment opportunities, Plaintiff signed the agreement without any noted objection. Moreover, Plaintiff was provided a thirty-day option period to opt-out, but she chose not to exercise that option. Under these facts, the Court does not find *Procedural Unconscionability*.

### b. *Substantive Unconscionability*

In terms of *Substantive Unconscionability*, Plaintiff argues the arbitration agreement is unenforceable because an "employer may not, through private agreement, prospectively waive or bar a representative PAGA enforcement action expressly authorized by Labor Code § 2699." (Doc. No. 12 at 2.) Citing to *Iskanian*, 59 Cal. 4th at 360, plaintiff argues no portion of her PAGA claim can be compelled to arbitration because the "suit is fundamentally a law enforcement action brought by the employee 'as the proxy or agent of the state's law labor enforcement agencies.'" *Arias v. Super. Ct.*, 46 Cal. 4th 969, 986 (2009). (*Id.* at 3.)

The Court finds Plaintiffs' reading of *Iskanian* overbroad. The law is clear that PAGA claims are not waivable. However, nothing prevents them from being arbitrated. As discussed *supra*, *Iskanian* held that agreements waiving the right to bring representative PAGA claims – claims seeking civil penalties for Labor Code violations affecting other employees – are unenforceable under California law. (*Id.* at 384.) But as observed by our court of appeals, *Iskanian* "expresse[d] no preference regarding whether individual PAGA claims are litigated or arbitrated," and provided only that representative PAGA claims may not be waived outright. *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 434 (9th Cir. 2015). The appeals court later confirmed nothing categorically prevents PAGA claims from proceeding to arbitration, explaining *Iskanian* and *Sakkab* clearly contemplate that individual employees can agree to arbitrate PAGA claims. *Valdez v. Terminix Int'l Co. Ltd. P'ship*, 681 Fed. Appx. 592 594 (9th Cir. 2017).

The Court does not find that the Plaintiff has demonstrated *Substantive Unconscionability*.

7

Because Plaintiff is unable to demonstrate either *Procedural* or *Substantive Unconscionability* (despite both being required to be shown), the arbitration agreement is enforceable.

### 2. Class Action Waiver

Plaintiff argues that the Agreement is illegal, and therefore invalid because the Class Action Waiver violates the NLRA. Section 7 of the NLRA provides that:

> [e]mployees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection. . ."

29 U.S.C. § 157.

Plaintiff argues this language creates a federal substantive right on behalf of employees to join together in class action litigation to prosecute employment disputes. In support, Plaintiff cites *Morris v. Ersnt & Young, LLP*, 834 F.3d 975 (9th Cir. 2016), *cert. granted*, 85 U.S.L.W. 3341 (U.S. Jan. 13, 2017) (No. 16-300).

In *Morris*, Plaintiff Morris filed class and collective action claims against his employer Ernst & Young alleging that it violated the Fair Labor Standards Act and California labor laws by misclassifying him and others similarly situated as exempt employees to avoid paying overtime wages. *Morris*, 834 F.3d at 979. Because Morris had signed an arbitration agreement purporting to require him to bring all legal claims against Ernst & Young via arbitration as an individual and in separate proceedings, Ernst & Young moved to compel arbitration. (*Id.*) Morris opposed by arguing that the arbitration agreement, by requiring only individual prosecution of employment claims, violated his federal substantive rights under the NLRA to engage in "concerted action" against his employer. (*Id.* at 979-80.) The Ninth Circuit agreed. (*Id.* at 990.)

The Ninth Circuit determined that the National Labor Relations Act ("NLRA") establishes a core right to concerted activity,[6] which "precludes contracts that foreclose the possibility of concerted work-related legal claims." (*Id.*, 834 F.3d at 989-90.) Thus, the provision in the arbitration agreement at issue in *Morris* that required employees to resolve all of their legal claims in "separate proceedings" (*i.e.*, a concerted action waiver) was unenforceable because it both "prevents concerted activity by employees in arbitration proceedings" and requires employees to only use arbitration, which effectively prevents the employees from initiating concerted legal action anywhere else. (*Id.* at 983-84.)

After the parties filed their briefs in this case, the Supreme Court granted *certiorari* in *Morris v. Epic Sys. Corp.*, 138 S. Ct. at 1612. The Court considered *Morris* along with Seventh Circuit and Fifth Circuit cases that addressed whether employees should be allowed to bring class or collective actions where they agreed to one-on-one arbitration and reversed *Morris*.[7] (*Id. at 1632.*)

On May 21, 2018, the Supreme Court reversed the Ninth Circuit's decision in *Morris* in *Epic*, 138 S. Ct. 1612 (2018)[8], which held that an arbitration agreement in which an employee agrees to arbitrate claims against an employer on an individual – rather than on a class or collective – basis, is enforceable and does not violate the NLRA. In light of the recent decision in *Epic*, Plaintiff's argument that the class action waiver violates the NLRA in this matter is without merit.

---

[6] The right to concerted activity is "the right of employees to act together." *Morris*, 834 F.3d at 980.

[7] In *Morris*, the Ninth Circuit reversed a district court's grant of a motion to compel arbitration. *Epic Sys. Corp.* 138 S. Ct. at 1620. The Ninth Circuit reasoned the FAA's "savings clause" does not require a court to compel arbitration if the arbitration agreement violates another federal law, such as violating sections of the National Labor Relations Act ("NLRB") by barring employees from pursuing collective action. (*Id.*)

[8] *Epic* was consolidated with *Morris* (No. 16-300) and a Fifth Circuit Court decision, *NLRB v. Murphy Oil USA, Inc.*, No. 16-307.

9

Therefore, for the reasons set forth above, the Motion to Compel Arbitration is **GRANTED**.

### B. A Stay of Proceedings Pending Completion of Arbitration is Warranted

Defendant requests that the Court stay the proceedings pending arbitration, arguing that a stay is mandatory pursuant to section 3 of the FAA. (Doc. No. 8-1 at 10.)

"A party is only entitled to a stay pursuant to section 3 as to arbitrable claims or issues." *Winfrey v. Kmart Corp.*, 692 F. App'x 356, 357 (9th Cir. 2017) (*citing Leyva v. Cert. Grocers of Cal., Ltd.* 593 F.2d 857, 863 (9th Cir. 1979). "As to non-arbitrable claims and issues, however, the district court has discretion whether to stay the litigation pending arbitration." (*Id.*) A trial court may grant a stay "pending resolution of independent proceedings which bear upon the case" where "it is efficient for [the courts] own docket and the fairest course for the parties." *Leyva*, 593 F. 2d at 863.

Although a stay is mandatory as to Plaintiff's arbitrable claims, the Court has the discretion to decide whether to stay the proceedings as to Plaintiff's non-arbitrable PAGA claim. The Court finds that a stay is proper in these circumstances. First, the factual issues that will be resolved in arbitration clearly "bear upon [the instant] case" because these facts will determine Defendant's liability for Plaintiff's PAGA claim. (*See Id.*) Thus, it is in the interest of efficiency to grant a stay in order to avoid duplicative proceedings as to the same issues. Second, the Court is not convinced that there are any potential plaintiffs who will be prejudiced by the stay. Although PAGA claims are necessarily representative actions, they are not necessarily class actions. *Arias v. Super. Ct.*, 209 P.3d 923, 930 n.5 (2009). And while Plaintiff seeks to represent a class of employees who were harmed by Defendant's conduct, (*see* FAC ¶ 7) she has not alleged sufficient facts to support her contention that this is a class claim. Rather, the alleged facts and the nature of the claims appear highly individualized. Thus, no unfair prejudice will result from granting the stay.

In light of the foregoing analysis granting Defendant's Motion to Compel Arbitration of Plaintiff's individual claims, the Court **STAYS** this action pursuant to the FAA, 9 U.S.C. § 3, pending completion of the arbitration proceedings.

## II. **Marriott's Motion to Dismiss or Strike Plaintiff's First Amended Complaint**

Having determined that compelling arbitration is appropriate in this matter, the Court need not address Defendant's Motion to Dismiss or Strike Plaintiff's First Amended Complaint.

Accordingly, the Court Orders the Motion to Dismiss or Strike hereby **DENIED as moot**.

## CONCLUSION

In accordance with the conclusions set forth above, the Court **GRANTS** Marriott's Motion to Compel Arbitration as to Plaintiff's individual, non-PAGA claims. The proceedings are **STAYED** pending arbitration, including as to Plaintiff's non-arbitrable representative PAGA claim. Accordingly, in light of the stay, Defendant's Motion to Dismiss or Strike Plaintiff's First Amended Complaint is **DENIED as moot** without prejudice to Defendant's ability to bring this motion when the stay is lifted. The parties are hereby **ORDERED** to file a joint status report every three (3) months from the date of this Order or within ten (10) days of completion of the arbitration proceedings.

**IT IS SO ORDERED.**

Dated: August 31, 2018

HON. ROGER T. BENITEZ
United States District Judge